STATE of Missouri, Respondent,

v.

Pamela Sue TANNER, Appellant.

No. 25103.

Kansas City Court of Appeals.
Missouri.

June 2, 1969.

Lester E. Adams, Kansas City, for appellant.

Austin E. Van Buskirk, Kansas City, for respondent.

HOWARD, Presiding Judge.

This is an appeal from the judgment of the juvenile court of Jackson County, Missouri, committing appellant to the State Board of Training Schools upon a finding that her behavior was injurious to her welfare and that she was in need of training school education and discipline. Although appellant was represented by appointed counsel at the hearing in the juvenile court, privately retained counsel filed motion for new trial and represented her on this appeal.

On oral argument, the attorney for the appellant urged constitutional issues upon this court. If such issues are before this court, then jurisdiction is in the Supreme Court and the case must be transferred. However, we must first determine what issues are properly presented by this appeal.

A motion for new trial denominated "Motion for Rehearing or for Modification of Order" was duly filed in the juvenile court. This motion alleged that the parents "were without counsel and advice as to the eligibility of this monor (sic) daughter for parole to their custody and care" and requested an "opportunity to present further evidence to the court, as to her suitability for parole and commitment to her father and mother aforesaid." In support of this, the motion alleged that the attorney appointed to represent the juvenile "did not consult or discuss the matters herein with this petitioner or her parents, and did not present any evidence whatsoever at the aforesaid hearing, and especially failed to

raise the issue of paroleability of this petitioner." The motion is in seven numbered paragraphs and with the exception of paragraph 7, it refers only to the failure of the court to grant probation or parole and return the custody of the juvenile to her parents. Paragraph 7 reads as follows:

"That, furthermore, petitioner verily believes she has not received an adequate and proper hearing and all of the rights due her under the laws of this state and those rights guaranteed her by the due process provided and guaranteed under the U. S. Constitution."

This general statement is the only reference to constitutional rights and privileges and it is totally insufficient to preserve any constitutional question on this appeal.

In her brief, appellant does not mention the matter of probation or parole and the return of custody of the juvenile to her parents thereunder. The brief relies almost entirely on the decision of the United States Supreme Court in the case of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. The brief contends that the appellant's constitutional rights as set out in the Gault decision were violated in six particulars. These are listed in numbered paragraphs of the brief. Paragraph 1 reads "Right To A Jury Trial." There is no argument contained in the brief under this heading. It is enough to note that no contention was made before the juvenile court that appellant had a right to a trial by jury and, furthermore, the decision in the Gault case does not mention trial by jury.

Paragraph 2 is headed "Right To An Impartial Hearing." In argument under this heading, appellant complains that the performance of her appointed attorney at the hearing in juvenile court was inadequate because he failed to object to the testimony of the deputy juvenile officer which it is asserted consisted of hearsay and opinion evidence and because her appointed attorney did not cross-examine the deputy juvenile officer. This argument was in no way presented to the trial court;

the motion therein makes absolutely no reference thereto. The brief contains no showing and in fact no allegation that any useful purpose could have been served by objection or that any evidence favorable to the appellant could have been elicited by cross-examination or that there was evidence favorable to appellant that could have been introduced. Appointed counsel are not required to object purely for the sake of obstruction. Neither are they required to manufacture a defense out of whole cloth. They cannot change facts which are indisputable and undeniable. The argument contained in the brief under this point is not supported by the decision in the Gault case.

Paragraph 3 of the brief is headed "Right To Legal Counsel." The argument under this heading consists simply and only of a question as to whether or not one individual can act both as a guardian ad litem and as defense counsel. No answer is asserted in the brief. This point was not touched upon in the motion for new trial and while the Gault case definitely affirmed a constitutional right to counsel for juveniles, it is apparent from this record that appellant was, in fact, represented by counsel and that the requirements of the Gault decision were met. As heretofore pointed out, the underlying complaint seems to be lack of action on the part of appointed counsel but there is not even a hint contained in the brief as to what, if any, beneficial action could have been taken by counsel in light of the facts.

Paragraph 4 of the brief is headed "Lack Of A Preliminary Hearing." Again, this matter was not referred to in the motion for new trial and the opinion in the Gault case and other authorities cited do not support the assertion of a right to such a preliminary hearing.

Paragraph 5 of the brief is headed "Improper Notice Of Charges And Punishments." The argument under this heading consists primarily of questions which are left unanswered. The complaint filed by the juvenile officer follows the wording of

our statute and properly and in more detail than is required, sets out the charges against the appellant. No complaint is made as to the timeliness of this notice or the service thereof. The constitutional requirement as set out in the Gault case was more than met but again no mention of this matter was made in the motion for new trial.

The last paragraph of the brief, Paragraph 6, is headed "Equal Protection Of The Law." The argument contained thereunder is merely an assertion that juveniles are entitled to the same constitutional protection as adults and a quotation equating incarceration in "training schools" with incarceration in jail. It presents nothing for review by this court.

We can only conclude that the arguments contained in the motion for new trial are not mentioned in the brief and are therefore waived and that the arguments contained in the brief were not mentioned in the motion for new trial. Consequently, such arguments were not preserved for review and are not before us for our consideration. See In re J. L. L., Mo.App., 402 S.W.2d 629. Therefore, no error appearing, the judgment is affirmed.

All concur.